UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERRI WINGARD, AS ADMINISTRATOR
OF THE ESTATE OF STEVEN F. WINGARD,

    Plaintiff,

 -Against-

GR CATALYST TWO LLC and
GRAVITY RENEWABLES, INC.,

    Defendants.

**ORDER**

Case No.: 1:20-cv-00432
(LEK-DJS)

GR CATALYST TWO LLC and
GRAVITY RENEWABLES, INC.,

   Third-Party Plaintiffs,

 -Against-

COMMERCIAL DIVING SERVICES, LLC,

   Third-Party Defendant.

Upon the reading and filing of the Affidavit of Jerri Wingard, as Administrator of the Estate of Steven F. Wingard, sworn to on the 5th day of June, 2024, Affirmation of James E. Hacker, Esq., attorney for said Administrator, sworn to the 7th day of June, 2024, and the Affidavit of Lindsey Olownia, sworn to on the 5th day of June, 2024, and all exhibits annexed thereto, it is hereby

**ORDERED**, that Jerri Wingard, as Administrator of the Estate of Steven F. Wingard, is hereby authorized and empowered to settle and compromise this claim, upon compliance with the following terms of this Order; and it is further

**ORDERED**, that this claim is settled and compromised for the sum of $2,050,000.00, payable as follows:

a. GR Catalyst Two, LLC and Gravity Renewables, Inc. ("GR Defendants") will pay a total of $2,000,000.00;

b. Commercial Diving Services, LLC ("CDS") will pay GR Defendants $50,000.00, which GR Defendants will pay over to, or assign to the Estate, for a total payment of $2,050,000.00;

c. CDS, who, as the employer, is insured by the company and who also supplies the Worker Compensation Indemnity payments, will waive a $139,218.03 lien (and any future indemnity payments made between now and the date that the CT Probate Court approves the compensation settlement or September 30, 2024, which ever date occurs first.), which represents biweekly compensation benefits of $1,176.90 payable to B.O.;

d. Plaintiff to release any Connecticut and/or New York workers' compensation claims; and it is further

**ORDERED** that payment from the settlement proceeds to HACKER MURPHY, LLP for legal services rendered as attorneys representing the Plaintiff is **GRANTED**. Plaintiff's attorney is awarded $683,333.33, representing reasonable attorney's fees pursuant to the retainer agreement, and $111,309.49 representing the disbursements; and it is further

**ORDERED** that $794,642.82 in attorney's fees and expenses shall be paid to Plaintiff's counsel pursuant to the time constraints set forth in New York's Prompt Payment Statute, CPLR § 5003-a; and it is further

**ORDERED** that the sum of $50,000 will be paid in cash for Executor fees and taxes; and it is further

**ORDERED** that the remaining balance of the settlement, to wit, the sum of $1,205,357.18, upon approval of the Connecticut Probate Court, will be used to purchase a Structured Settlement Annuity for the Estate's only distributee, B.O. ("Payee"), and will pay the future periodic payments pursuant to the following terms:

<u>Payee: Lindsey Olownia, as Parent and Natural Guardian until B.O. reaches the age of majority and then to B.O.:</u>

a. $2,353.80 payable monthly, guaranteed for 16 year(s) and 6 month(s) which is 198 payments, beginning on 09/01/2024, with the last guaranteed payment on 02/01/2041.

<u>Payee: B.O.:</u>

b. $500,000.00 paid as a lump sum on 02/05/2045 guaranteed.

c. $750,000.00 paid as a lump sum on 02/05/2050 guaranteed.

d. $1,000,000.00 paid as a lump sum on 02/05/2055 guaranteed.

e. $1,252,227.96 paid as a lump sum on 02/05/2060 guaranteed; and it is further

**ORDERED** that the projected funding date of the periodic payments set forth herein is August 1, 2024. In the event the periodic payments are not funded on or before that date, the amounts and/or timing of the payments may be changed without need for further Court approval, to ensure the individual costs do not exceed those indicated, for a total cost of $1,205,357.18. Any changes to payment amounts and/or timing shall be reflected in the Settlement Agreement and Release and the Qualified Assignment to be executed by the parties; and it is further

**ORDERED** that the defendants through their insurer shall arrange to have purchased an annuity contract from New York Life Insurance Company ("Annuity Issuer") rated by A.M. Best

Co. as a A++ XV, qualified and licensed to do business as an insurance company under the laws of the State of New York; and it is further

**ORDERED** that the Insurer, will assign their obligation to make aforesaid future periodic payments to New York Life Insurance and Annuity Corporation ("Assignee"); and it is further

**ORDERED** that the Assignee will fund its obligation to make future periodic payments by purchasing an annuity from Annuity Issuer; and it is further

**ORDERED** that New York Life Insurance Company will issue a Statement of Irrevocable Guarantee that will guarantee the performance of the Assignee, with respect to the obligation assumed; and it is further

**ORDERED** that in the event the Payee should die before receiving all payments due under the aforesaid schedule, the remaining payments shall be made to the Estate of the Payee. After reaching age of majority, Payee may submit a change of beneficiary in writing to the Assignee. The designation must be in a form acceptable to the Assignee; and it is further

**ORDERED** that conditioned upon compliance with the terms of this Order Jerri Wingard, as Administrator of the Estate of Steven F. Wingard, be and hereby is authorized and empowered to execute and deliver a settlement agreement and general release on behalf of the Estate, and any other instrument necessary to effectuate the settlement herein; and it is further

**ORDERED** that distribution of the settlement amount, minus attorney's fees and disbursements, be subject to final approval of the Court of Probate, Litchfield Hills Probate Court, District Number PD24, Litchfield, Connecticut; and it is further

**ORDERED** that the hereinabove settlement represents full satisfaction of all damages and claims against GR Defendants tortfeasors; and it is further

**ORDERED** that jurisdiction is retained over this matter to enforce the terms of the settlement agreement; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order upon the parties to this action.

Dated: June 20, 2024
Albany, New York

Hon. Anne M. Nardacci
U.S. District Court Judge